

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, a foreign insurance company; AMERICAN GUARANTEE & LIABILITY INSURANCE CO., a foreign insurance company, <br><br>       Plaintiffs - Appellees, <br><br>  v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a foreign insurance company; ROYAL INSURANCE COMPANY OF AMERICA, also known as Royal Insurance Company, <br><br> NORTHWEST TOWER CRANE SERVICE INC; JOHN DOES, <br><br>       Defendants, <br><br>  and <br><br> ROYAL INDEMNITY COMPANY, a foreign insurance company, individually and as a successor to Royal Insurance Company of America aka Royal Insurance | No. 12-35783 <br><br> D.C. No. 2:07-cv-00923-MJP <br><br><br> MEMORANDUM[*] |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Company,

Defendant - Appellant.

EVANSTON INSURANCE COMPANY, a foreign insurance company,

Plaintiff,

and

AMERICAN GUARANTEE & LIABILITY INSURANCE CO., a foreign insurance company,

Plaintiff - Appellant,

v.

ROYAL INDEMNITY COMPANY, a foreign insurance company, individually and as a successor to Royal Insurance Company of America aka Royal Insurance Company; WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a foreign insurance company,

Defendants - Appellees.

No. 12-35798

D.C. No. 2:07-cv-00923-MJP

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted November 8, 2013

Seattle, Washington

Before: SCHROEDER, PAEZ, and BERZON, Circuit Judges.

This is the third time this case has been before our court. It is a dispute between insurance carriers arising out of a crane accident at a construction site. In a previous memorandum disposition, we held that there was a contract requiring Northwest Tower Crane to provide excess insurance for Bellevue Master, the general contractor. *Evanston Ins. Co. v. Westchester Surplus Lines Ins. Co.*, 451 F. App'x 672 (9th Cir. 2011). On remand, Royal Indemnity contended that its excess insurance was excess to all of Bellevue Master's insurance. While the district court was not correct in stating that our prior mandate precluded Royal's argument, the argument should have been raised earlier in the litigation and has therefore been waived. *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008).

In the cross-appeal, American Guarantee seeks attorney's fees, claiming that under Washington law it is equitably subrogated to the rights of Bellevue Master. Bellevue Master, however, was fully compensated by its own insurers, and American Guarantee is seeking reimbursement from Royal and Westchester Surplus Lines, who are insurers by virtue of a third party's policies. The district court was correct in ruling that American Guarantee was not entitled to recover attorney fees from Royal and Westchester. *See Trinity Universal Ins. Co. of*

3

*Kansas v. Ohio Cas. Ins. Co.*, No. 67832-9-I, 2013 WL 4562718, at \*11 (Wash. Ct.

App. Aug. 19, 2013).

**AFFIRMED**.